IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| Edith Barker,   Plaintiff, v.  Utah Department of Human Resource Management et al.,   Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL  Case No. 1:18-cv-60 DB  District Judge Jill N. Parrish  Magistrate Judge Brooke Wells |
|---|---|

On June 11, 2018, the court granted Ms. Barker's request to proceed *in forma pauperis*.[1] Plaintiff now seeks the appointment of counsel.[2] A party in a civil action has no constitutional right to appointment of counsel.[3] After reviewing Plaintiff's motion and the allegations in the case, the court will deny the motion.

Plaintiff brings a Title VII case alleging violations of her rights when Defendants "intentionally chose to create and foster a hostile work environment."[4] Ms. Barker also asserts violation of the Americans with Disabilities Act of 1990. A litigant asserting employment discrimination claims has no constitutional right or statutory right to appointed counsel.[5] "Title VII of the Civil Rights Act of 1964, however, provides that the district court may, in its

---

[1] ECF No. 2.

[2] ECF No. 4.

[3] *See Durre v. Dempsey*, 869 F.2d 543, 547, 1989 WL 16317 (10th Cir. 1989); *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969) ("We have often said, and it seems to be universally agreed, that no one has a constitutional right to assistance of counsel in the prosecution or defense of a civil action.").

[4] Complaint p. 2.

[5] *See Poindexter v. FBI*, 737 F.2d 1173, 1179 (D.C.Cir. 1984).

discretion, appoint counsel for a plaintiff in an employment discrimination action."[6] The Tenth Circuit has identified four factors to consider when determining whether to appoint counsel in a Title VII case. "Before counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel[7] and (3) meritorious allegations of discrimination."[8] A fourth factor, the plaintiff's capacity to present the case without counsel, is to be considered in close cases.[9] Notwithstanding Congress's "special … concern with legal representation in Title VII actions"[10] Plaintiff has failed to make the required affirmative showings. For example, there is no record of Plaintiff attempting to secure counsel and even if those attempts had been made, it appears Plaintiff has the capacity to present the case adequately without counsel because she is an experienced litigant.[11]

Accordingly, Plaintiff's Motion for Appointment of Counsel is DENIED and Plaintiff is instructed to respond to Defendants' Motion to Dismiss.[12]

DATED this 5 November 2018.

Brooke C. Wells
United States Magistrate Judge

---

[6] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421(10th Cir. 1992) (noting factors that are relevant in determining whether to appoint counsel for a civil litigant in a Title VII action).

[7] *Id.* At 1422 ("Although not required to "exhaust the legal directory," a plaintiff must demonstrate that he or she has made a "'reasonably diligent effort under the circumstances to obtain counsel.'" (internal citation omitted) (quoting *Bradshaw v. Zoological Soc. of San Deigo*, 662 F.2d 1301, 1319 (9th Cir. 1981)).

[8] *Id.*

[9] *See id*.

[10] *Jenkins v. Chem. Bank*, 721 F.2d 876, 879 (2nd Cir. 1983).

[11] For example, see *Barker v. Utah Department of Environmental Quality et al.* case no. 1:13-cv-89 CW D. Utah.

[12] ECF No. 12.