IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EDITH BARKER,<br><br>                         Plaintiff,<br><br>v.<br><br>DEBBIE CRAGUN *et al.*,<br><br>                         Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND GRANTING MOTION TO DISMISS**<br><br>Case No. 1:18-cv-60-JNP-CMR<br><br>District Judge Jill N. Parrish |

This matter is before the court on an objection to Magistrate Judge Romero's Report and Recommendation recommending that this court grant the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Debbie Cragun, Dana Powers, Greg Hargis, and Governor Gary Herbert. [Dockets 43, 48]. The court ADOPTS IN PART the Report and Recommendation and GRANTS the defendants' motion to dismiss. Ms. Barker's Motion to Consolidate and Amend Complaint is DENIED as MOOT. [Docket 49].

## BACKGROUND

In 2013, Plaintiff Edith Barker brought suit against the Utah Department of Environmental Quality ("UDEQ"), the Utah Division of Radiation Control ("UDRC"), and the State of Utah, as well as employees of each, alleging that the defendants intentionally chose to create and foster a hostile work environment and that, when Ms. Barker complained about the unlawful behavior, the defendants retaliated against her. In 2015, Ms. Barker and the defendants reached a settlement with respect to those retaliation claims. As a part of the settlement, Ms. Barker released all of the

defendants from liability for claims that were or could have been asserted in that action. One month later, in April of 2015, Ms. Barker was notified that she was being terminated from her position.

In 2018, Ms. Barker filed this suit against the State of Utah and the Utah Department of Human Resources Management ("UDHRM"), under 18 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). Ms. Barker alleged that she was retaliated against for exercising her First Amendment rights and terminated from her position with the UDEQ. In addition, she brought two parallel actions in the District of Utah against individuals and entities referenced in her complaint, though not named as defendants in this action.[1] Those cases center on the same set of facts.

In November of 2018, the State of Utah and the UDHRM moved to dismiss Ms. Barker's complaint in this case. While Ms. Barker contested the motion as to her Title VII cause of action, she conceded that the Eleventh Amendment barred her § 1983 and ADA claims against the State of Utah and the UDHRM. In response to the motion, Ms. Barker moved to amend her complaint in this case, removing the State of Utah and UDHRM as defendants and replacing them with the current defendants, Ms. Cragun, Governor Herbert, Mr. Hargis, and Ms. Powers. She did so with respect to all three of her causes of action. In February of 2019, Magistrate Judge Wells granted her motion to amend. This court then determined that the original defendants' motion to dismiss was moot, as neither the State of Utah nor UDHRM remained parties to the case.

---

[1] Ms. Barker has moved to amend her complaint in this action, as well as her complaints in her other actions, on multiple occasions. At this time, the defendants in her other two actions are the State of Utah, the Utah Attorney General's Office, Amanda Smith, Brad Johnson, Scott Baird, Scott Anderson, Rusty Lundberg, Craig Jones, Phil Goble, and Governor Herbert. Since Magistrate Judge Romero's recommendation, Ms. Barker has filed an additional motion to consolidate her cases and then amend her complaint, naming a different set of defendants.

The current defendants, Ms. Cragun, Governor Herbert, Mr. Hargis, and Ms. Powers, now move this court to dismiss Ms. Barker's claims against them under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). Magistrate Judge Romero issued a Report and Recommendation, [Docket 43], recommending that the case be dismissed as duplicative. The recommendation noted that Ms. Barker had filed a motion to amend her complaint in one of her other cases, *Barker v. Utah Attorney General et al.*, case number 1:18-cv-61. That motion to amend, if granted, would bring the parties from this case into her other case. Thus, the two cases would involve the same parties, interests, facts, and relief sought.

Ms. Barker objected to the recommendation, combining her objection to the Report and Recommendation in this case with an objection to a Report and Recommendation in her other case, *Barker v. Utah Attorney General*, case number 1:18-cv-61. In her objection, Ms. Barker moved to consolidate this action, case number 1:18-cv-60, along with case number 1:18-cv-68, into case number 1:18-cv-61 and to again amend her complaint in case number 1:18-cv-61. Her new proposed amended complaint does not include the named parties in this case, though it does involve the same interests, facts, and relief sought.

While this case and case number 1:18-cv-61 do appear to be duplicative of each other, the court notes that Ms. Barker's most recently filed amended complaint creates a risk that her suits may no longer be entirely duplicative. Thus, to ensure that Ms. Barker's current claims in this case against these particular defendants are addressed, and in the interest of certainty, the court will decide the defendants' motion to dismiss this case on the merits, rather than dismiss the case as duplicative.[2]

---

[2] As a result of the court's decision to grant the defendants' motion to dismiss on the merits, Ms. Barker's motion to consolidate this case, case number 1:18-cv-60, into case number 1:18-cv-61 is moot. Ms. Barker's motion to amend her complaint will be decided in case number 1:18-cv-61.

**LEGAL STANDARD**

**I.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal courts have limited jurisdiction and must therefore have a statutory or constitutional basis to exercise jurisdiction. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012). The party seeking to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Id.*

"[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court" and constitutes a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

**II.   Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

The court addresses first Ms. Barker's § 1983 cause of action, followed by her ADA cause of action, and finally her Title VII cause of action. As will be explained in greater detail, the court finds that none of her causes of action survive the defendants' motion to dismiss.

**I.    18 U.S.C. § 1983 Cause of Action**

Ms. Barker alleges that the defendants in this case, all of whom are state officials, violated her First Amendment rights when they terminated her in order to retaliate against her for her 2013 lawsuit. Under § 1983, a plaintiff may sue state officials who have violated her constitutional or federally protected rights. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). "A § 1983 claim requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013).

Ms. Barker does not specify whether she brings her § 1983 claim against the defendants in their official capacities or their individual capacities. Thus, the court addresses her cause of action against each of the defendants in both capacities. For the reasons set forth below, Ms. Barker's complaint does not survive a motion to dismiss under either inquiry.[3]

A.  § 1983 Claim Brought Against Defendants in Their Official Capacities

If Ms. Barker seeks to bring her § 1983 cause of action against the defendants in their official capacities, her claim is barred by the Eleventh Amendment. "The Eleventh Amendment is

---

[3] In addition to their arguments with respect to the sufficiency of Ms. Barker's pleadings, defendants argue that Ms. Barker is barred from bringing this claim because she and her counsel signed a general release in March of 2015. However, Ms. Barker was terminated from her position in May of 2015, two months after the general release was signed. Thus, while the general release that Ms. Barker signed may bar her from bringing suit against defendants for conduct addressed in that suit, it does not apply to her termination, which occurred after the general release was signed.

a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *See Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). Unless Congress has abrogated states' Eleventh Amendment immunity or a state has waived its immunity, a state or an arm of a state cannot be sued in federal court. *Ruiz*, 299 F.3d at 1181. Additionally, a suit brought against a state official in his official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Thus, a suit brought against a state official in his official capacity is similarly barred by the Eleventh Amendment.

There is one exception to a state official's Eleventh Amendment immunity, however. Unlike § 1983 claims for money damages, "official-capacity actions for prospective relief are not treated as actions against the State." *Graham*, 473 U.S. at 167 n.14. This exception, articulated by the Supreme Court in *Ex parte Young*, permits a plaintiff to seek prospective injunctive relief for a violation of federal law in a suit against a state official in his official capacity. *Ex parte Young*, 209 U.S. 123 (1908); *Klein v. Univ. of Kansas Med. Ctr.*, 975 F. Supp. 1408, 1417 (D. Kan. 1997).

Ms. Barker brings suit against these defendants in their official capacities seeking both monetary damages and injunctive relief. But regardless of the relief she seeks, Ms. Barker's § 1983 claim is barred by the Eleventh Amendment.

1)  Money Damages

Ms. Barker seeks money damages for the defendants' conduct and the loss of her job. However, Congress has not abrogated Eleventh Amendment immunity from suits brought under § 1983. *See LaFavre v. Kansas ex rel. Stovall*, 6 F. App'x 799, 805 (10th Cir. 2001) ("It is well settled that neither 42 U.S.C. § 1981 nor § 1983 abrogate the Eleventh Amendment immunity of the states."). Nor has the state of Utah waived its immunity from § 1983 causes of action in federal

court. *See Anderson v. Herbert*, 745 F. App'x 63, 69 (10th Cir. 2018) ("Utah has not waived its immunity against civil-rights suits.").

Eleventh Amendment immunity therefore applies to suits brought in federal court under § 1983 against the state of Utah and its officials acting in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Further, it is well established that "claims for back pay, monetary damages, and retrospective declaratory relief are barred by the Eleventh Amendment." *Meiners v. University of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004).

Ms. Barker was allegedly retaliated against and terminated in violation of her First Amendment rights in 2015. The violation of federal law ended at that point. Thus, her injury is not ongoing. Because Ms. Barker is "seeking to address alleged past harms rather than prevent prospective violations of federal law, . . . [the court] can only reasonably categorize such relief as retrospective." *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012). Her claim for money damages is thus barred by the Eleventh Amendment.

### 2) Prospective Injunctive Relief

In addition to money damages, Ms. Barker seeks injunctive relief. While her complaint does not identify any injunctive relief in particular, her response to the defendants' motion suggests that she seeks reinstatement of her employment. Thus, the court must determine whether the injunctive relief she seeks falls within the scope of *Ex parte Young*.

The *Ex parte Young* exception to Eleventh Amendment immunity is a narrow one. *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998). To fall within it, there must be an ongoing violation of federal law and the relief sought must be prospective in nature. *Id.* In addition, the official being sued in his official capacity must actually have the power

to provide the requested relief.[4] *Ex parte Young*, 209 U.S. at 157 ("[I]t is plain that such officer must have some connection with the enforcement of the act."); *see also Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (requiring that the defendant against whom suit was brought actually have a connection to the enforcement of the specific law challenged); *Klein*, 975 F. Supp. at 1417 ("[T]he state official must have the power to perform the act required in order to overcome the jurisdictional bar of the Eleventh Amendment."); *Al-Habashy v. Virginia Dep't of Juvenile Justice*, 2014 WL 4781796, at *11 (W.D. Va. Sept. 24, 2014) (dismissing plaintiff's claim because she failed to allege any facts sufficient to establish that defendants could reinstate her to her previous position or provide any other form of prospective relief); *Joseph v. Woodford*, 2006 WL 1686395, at *2 (E.D. Cal. June 16, 2006) (dismissing three defendants when there was "no indication" that they were able to provide the requested relief and as such were proper defendants), *adopted by*, 2006 WL 2670197 (E.D. Cal. Sept. 18, 2006).

The relief that Ms. Barker seeks is proper, as the Tenth Circuit has expressly held that employment reinstatement is a form of prospective equitable relief within the doctrine of *Ex parte Young*. *Meiners*, 359 F.3d at 1232 ("Reinstatement of employment is a form of prospective equitable relief that is within the doctrine of *Ex parte Young*."); *Buchwald*, 159 F.3d at 495 n.5 ("[C]laims for reinstatement are treated as prospective relief when the plaintiff alleges that he or she was terminated for unconstitutional reasons.").

---

[4] If the official against whom suit is brought does not have the capacity to provide the relief sought, the plaintiff is essentially being permitted to make that official "a party as a representative of the state, . . . thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157. Thus, this requirement ensures that the state itself is not subject to suit under the *Ex parte Young* exception.

The defendants from whom Ms. Barker seeks relief, however, are not proper. Her complaint fails to allege any facts to suggest that any of the defendants in this case have the capacity to reinstate her.

Ms. Barker identifies both Debbie Cragun, former director of the UDHRM, and Gary Herbert, governor of the State of Utah, in her complaint. Beyond those initial identifiers, she does not mention either party again. Ms. Barker alleges no facts in her complaint to suggest that either the director of the UDHRM or the governor have the capacity to reinstate a former employee to her position with the UDEQ.[5]

Similarly, Greg Hargis and Dana Powers are both identified in Ms. Barker's complaint only as UDHRM employees. While Ms. Barker has made further factual allegations about both Mr. Hargis and Ms. Powers, she has alleged no facts to suggest that two employees of the Utah human resources department have the authority to reinstate a former employee of an entirely different department.

While the court must take all facts pled as true and in the light most favorable to Ms. Barker, it cannot create factual allegations to support her cause of action. Ms. Barker has alleged no facts in her complaint to suggest that the parties against whom she brings suit have the power to offer her the relief she seeks. In fact, her complaint fails to even identify the specific prospective injunctive relief that she seeks. Thus, it fails to meet the *Ex parte Young* requirement that the defendants against whom suit is brought have the capacity to offer the relief sought. As a result,

---

[5] Ms. Barker's sole argument regarding this issue can be found in her response to the defendants' motion. In that response, Ms. Barker states that Governor Herbert "can offer Prospective Relief to Ms. Barker in replacing her job, back pay, benefits, and restitution of sick leave and leave." This contention is entirely unsupported in her response. Further, it not even alleged in her complaint.

Ms. Barker has failed to state a claim for relief under § 1983 against any of the defendants in their official capacities.

B.       § 1983 Claim Brought Against Defendants in Their Individual Capacities

In the alternative, Ms. Barker may seek to bring suit against the defendants in their individual capacities under § 1983. Because Ms. Barker has failed to sufficiently plead the personal involvement of these defendants, however, her § 1983 claim also cannot survive a motion to dismiss under this theory.

In order to bring suit against a state official in his or her individual capacity for an alleged violation of the plaintiff's constitutional or federally protected rights, the plaintiff must plead the official's personal involvement in the alleged violation. *Pahls*, 718 F.3d at 1231 ("Liability under § 1983 . . . requires personal involvement."). In the context of § 1983 claims, the Tenth Circuit has "stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Id.* at 1225. To that end, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants.'" *Id.* at 1226 (emphasis in original) (quoting *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)).

1)   Allegations Relating to Governor Herbert and Ms. Cragun

Ms. Barker's allegations with respect to Governor Herbert and Ms. Cragun are limited to statements about their respective employment positions. In order to hold a supervising official liable for the conduct of his or her subordinates, there must be a link between the conduct at issue and the individual against whom suit is brought. *Pahls*, 718 F.3d at 1225 (quoting *Iqbal*, 556 U.S. at 676) ("[C]ommon to all § 1983 . . . claims is the requirement that liability be predicated on a violation traceable to a defendant-official's 'own individual actions.'"). A government official may not be held liable based solely on that official's status as a supervisor or policy maker. *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of *respondeat superior*."); *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996) ("[A] supervisor is not liable under § 1983 for the actions of a subordinate unless an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise.").

In order to establish the supervisory government official's personal participation in the constitutional violation alleged, the plaintiff must demonstrate: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Ms. Barker's complaint identifies Ms. Cragun as the former director of UDHRM and Governor Herbert as the governor of the State of Utah. But Ms. Barker's complaint fails to allege any facts whatsoever relating to either defendant's personal participation in the alleged violation. In fact, beyond Ms. Barker's identification of Ms. Cragun and Governor Herbert as parties to this action and descriptions of their respective employment positions, the complaint does not mention either of the two parties at all. Thus, Ms. Barker has failed to state a claim under § 1983 on the basis of supervisory liability.

2) Allegations Relating to Mr. Hargis

Ms. Barker's factual allegations with respect to Mr. Hargis focus more on his individual actions, though they do not suggest that he personally participated in the alleged retaliation against Ms. Barker. Ms. Barker alleges that Mr. Hargis is an employee of UDHRM. She also alleges that Mr. Hargis stated in sworn testimony at Ms. Barker's 2015 Utah Career Service Review Office hearing that "there was increased scrutiny" of Ms. Barker. These are the sole allegations that Ms. Barker makes with respect to Mr. Hargis. They do not suggest that he played any role in the

scrutiny nor are they sufficient to support a claim that Ms. Hargis personally participated in the alleged retaliation against Ms. Barker.

        3)  Allegations Relating to Ms. Powers

Finally, Ms. Barker alleges that Mr. Powers, an employee of UDHRM, had access to the investigation of Ms. Barker and the compilation of that investigation. She further alleges that Ms. Powers, among others, was pivotal in the selection of personnel to consider for the reduction in force plan under which Ms. Barker was terminated. She also states that Ms. Powers and other individuals used arbitrary criteria when they created the reduction in force plan and that Ms. Powers "would have been biased by the scrutiny of Ms. Barker." These factual allegations, though slightly more robust than the allegations against the other defendants, are insufficient to support a claim that Ms. Powers terminated Ms. Barker to retaliate against Ms. Barker for exercising her First Amendment rights.

Ms. Barker's claim for relief against Ms. Powers amounts to nothing more than an allegation that she is liable by virtue of her employment position. Her claim relies entirely on Ms. Powers's status as a UDHRM employee tasked with creating and implementing a reduction in force plan. As has been addressed with respect to Ms. Cragun and Governor Herbert, however, a government official may not be held liable based solely on that official's status as a supervisor or policy maker. *Iqbal*, 556 U.S. at 676. Rather, in order for Ms. Barker to allege such a claim against Ms. Powers, Ms. Barker must demonstrate: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199.

Accepting Ms. Barker's claim that Ms. Powers was responsible for the implementation of the reduction in force plan and that the plan caused a constitutional harm, Ms. Barker has entirely

failed to allege that Ms. Powers acted with the requisite state of mind. Her claim relies solely on the fact that Ms. Powers was allegedly tasked with creating and implementing the reduction in force plan. At no point does Ms. Barker allege that Ms. Powers sought to retaliate against her for her decision to exercise her First Amendment rights. Instead, she makes conclusory and inexact claims that Ms. Powers "would have been biased" against Ms. Barker as a result of the investigation to which Ms. Barker had been subjected. Further, she claims, without any support, that the criteria used to select individuals for the reduction in force plan was arbitrary.

These vague allegations are insufficient to support a § 1983 claim against Ms. Powers. The insufficiency of these claims is made particularly clear when the allegations are compared with Ms. Barker's factual allegations with respect to other individuals.[6] The allegations directed against Ms. Power relate solely to her position within the UDHRM. Ms. Barker's complaint thus fails to sufficiently plead Ms. Power's personal participation in the alleged retaliation against Ms. Barker.

4) General Factual Allegations in Ms. Barker's Complaint

The court notes that Ms. Barker also makes some factual allegations regarding entities identified as "Defendants" in her complaint. The complaint, however, specifically notes that this term is used to refer to the State of Utah and UDHRM, despite their no longer being defendants at the time that Ms. Barker's amended complaint was filed. The factual allegations regarding the State of Utah and UDHRM, which are limited to general statements that the entities were "biased in the investigation of Ms. Barker" and that they "knowingly violated their own policies" in terminating Ms. Barker's employment, on their face do not apply to the individual defendants in

---

[6] Ms. Barker's complaint focuses almost entirely on the conduct of individuals other than the parties to this suit. Ms. Barker directs most of her allegations at the conduct of Amanda Smith, Executive Director of UDEQ, Craig Jones, Manager of the UDRC, and Rusty Lundberg, Director of the UDRC, while Ms. Powers's name appears a total of four times in the complaint. Ms. Smith, Mr. Jones, and Mr. Lundberg were all named in Ms. Barker's 2013 suit.

13

this case. Further, these allegations add no specificity or substance to the claims that Ms. Barker brings against the named defendants.

For these reasons, Ms. Barker's § 1983 claims against Ms. Cragun, Governor Herbert, Mr. Hargis, and Ms. Powers in their individual capacities cannot survive a motion to dismiss. Ms. Barker has not alleged that any of these parties personally participated in the constitutional violation underlying this claim. Thus, Ms. Barker has failed to state a claim for relief under § 1983.

## II.     ADA Cause of Action

Ms. Barker also brings suit against the defendants under the ADA. She alleges that her medical condition, trigeminal neuralgia, and her use of paid and unpaid leave under the Family Medical Leave Act ("FMLA") were used against her by UDHRM officers and Rusy Lundberg. Thus, her claim falls under Title I of the ADA, which prohibits state employers from discriminating against qualified individuals with disabilities in job application procedures, hiring, firing, advancement, discharge, compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. §§ 12111(2), 12112(a).

Due to Ms. Barker's failure to specify whether she brings this cause of action against the defendants in their official or individual capacities, the court addresses both. The court finds that Ms. Barker's cause of action does not survive the defendants' motion to dismiss in either case.

### A.  ADA Claims Brought Against Defendants in Their Official Capacities

The defendants move for dismissal of Ms. Barker's ADA claim brought against them in their official capacities on two grounds. First, they argue that the Eleventh Amendment bars Ms. Barker from bringing this suit. In addition, they argue that this cause of action is untimely. The court concludes that, regardless of the timeliness of Ms. Barker's complaint, the Eleventh Amendment bars her ADA cause of action against the defendants in their official capacities.

14

Congress did not validly abrogate the states' sovereign immunity from suit for money damages by private individuals under Title I of the ADA. *Estes v. Wyoming Dep't of Transp.*, 302 F.3d 1200, 1203 (10th Cir. 2002). Further, Utah has not waived its sovereign immunity from suits brought under Title I of the ADA. *Anderson*, 745 F. App'x at 69 ("Utah has not waived its immunity against civil-rights suits."). Thus, actions for injunctive relief under *Ex parte Young* provide the sole remedy for private individuals seeking to enforce the standards outlined in Title I of the ADA. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 n.9 (2001). The analysis with respect to Ms. Barker's ADA cause of action brought against the defendants in their official capacity therefore mirrors that of her § 1983 claims against these defendants in their official capacities.

As has already been addressed at length, the Eleventh Amendment prevents Ms. Barker from seeking money damages from these officials in their official capacities. To the extent that she seeks retrospective relief to "address alleged past harms rather than prevent prospective violations of federal law," her claim is barred. *Buchheit*, 705 F.3d at 1159.

Further, as has also been noted in the context of her § 1983 claim, Ms. Barker has failed to plead a claim seeking relief under the *Ex parte Young* exception, which requires that the plaintiff seek prospective injunctive relief from officials with the capacity to provide that relief. *See Ex parte Young*, 209 U.S. at 157; *Buchwald*, 159 F.3d at 495. In her response to the defendants' motion to dismiss, Ms. Barker suggests that she seeks reinstatement to her position. Reinstatement of employment is prospective, injunctive relief. *Meiners*, 359 F.3d at 1232. Ms. Barker has failed, however, to demonstrate that any one of the defendants against whom she brings her ADA claim has the capacity to reinstate her. Ms. Barker has thus failed to plead an ADA claim within the *Ex*

*parte Young* doctrine. Her ADA claim brought against the defendants in their official capacities is barred by the Eleventh Amendment and cannot survive a motion to dismiss.

### B.  ADA Claim Brought Against Defendants in Their Individual Capacities

Ms. Barker's ADA cause of action brought against the defendants in their individual capacities also fails. Individual capacity suits are improper under the ADA. *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) ("[T]he ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."). Thus, her ADA claim brought against the defendants in their individual capacities, none of whom are employers under the statutory definition of the ADA, cannot survive a motion to dismiss.

### C.  Recharacterization of Ms. Barker's ADA Cause of Action

In her objection to the magistrate judge's report and recommendation, Ms. Barker argues that her ADA claim was in fact brought under the FMLA. But Ms. Barker's complaint is unambiguous on this issue. It expressly states that her third cause of action is a claim for relief for "Discrimination in Violation of the Americans with Disabilities Act of 1990 as amended." That her ADA cause of action relates to the FMLA does not change the fact that she chose to bring an ADA claim. As Ms. Barker has argued, the plaintiff is the master of her own complaint. Ms. Barker, as the plaintiff, chose to expressly bring a claim under the ADA and not to bring one under the FMLA. The court cannot now rewrite Ms. Barker's complaint for her.

## III.   Title VII Cause of Action

Finally, the court addresses Ms. Barker's Title VII cause of action. The court considers Ms. Barker's cause of action with respect to the defendants in both their official and individual capacities and concludes that her complaint does not survive in either case.

A.  Title VII Claim Brought Against Defendants in Their Official Capacities

The parties dispute the timeliness of Ms. Barker's Title VII claim brought against Ms. Cragun, Governor Herbert, Mr. Hargis, and Ms. Powers in their official capacities. The defendants argue that the complaint is untimely because Ms. Barker's initial complaint, which was brought in a timely manner against the State of Utah and UDHRM, was voluntarily dismissed. Thus, they argue that her amended complaint, which was filed after the statute of limitations on her Title VII claims had run, is untimely and should be dismissed. Ms. Barker responds that her initial complaint was not voluntarily dismissed and that her Title VII claim is thus not untimely.

The court first notes that Magistrate Judge Romero concluded in the Report and Recommendation that Ms. Barker voluntarily dismissed her complaint against the State of Utah and UDHRM. Ms. Barker did not object to that conclusion in her objection to the recommendation. Thus, she waived any argument that it was in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The interests of justice do not so dictate. Thus, the court adopts Magistrate Judge Romero's conclusion that Ms. Barker voluntarily dismissed her initial complaint against the State of Utah and UDHRM.

Having accepted that Ms. Barker's initial complaint was voluntarily dismissed, however, the court's inquiry is not over. When a plaintiff voluntarily dismisses claims against defendants and subsequently files a new complaint naming other defendants, the amended complaint typically does not relate back to the original complaint's filing date. Federal Rule of Civil Procedure ("Rule") 15(c) provides for exceptions to that general rule.

Rule 15(c) provides that an amended complaint brought against new parties will relate back to an earlier complaint if three requirements are met. First, the amendment must assert a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading.

17

FED. R. CIV. P. 15(c)(1)(B). Additionally, the party being brought in by the amendment must, within the period provided by Rule 4(m) for serving summons and complaint, have received notice of the action such that it will not be prejudiced from defending on the merits. FED. R. CIV. P. 15(c)(1)(C)(i). Finally, within the period provided by Rule 4(m) for serving summons and complaint, the party being brought in by the amendment must have known or had reason to know that "the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C)(ii).

Ms. Barker's Title VII claim does not meet the requirements for relation back of an amendment bringing in new parties. In particular, the court has no reason to believe that she brought her Title VII against the State of Utah and UDHRM due to a mistake concerning the proper parties' identities.

Generally, a legal mistake qualifies as a mistake under Rule 15(c)'s relation back requirements. *See Garrett v. Fleming*, 362 F.3d 692, 696–97 (10th Cir. 2004) (noting that the relation back provisions are intended to allow for amendment to correct a formal defect in the plaintiff's complaint, such as a misnomer or misidentification of a party). But the court is unable to identify any mistake, legal or otherwise, that resulted in Ms. Barker's filing of a Title VII claim against the State of Utah and UDHRM. Title VII, unlike § 1983 and the ADA, abrogates states' immunity from suit under the Eleventh Amendment. *Crumpacker v. Kansas Dep't of Human Res.*, 338 F.3d 1163, 1172 (10th Cir. 2003). Thus, her initial Title VII claim brought against the State of Utah and UDHRM was not barred by the Eleventh Amendment and was entirely proper. While Ms. Barker amended her original complaint to correct the mistake of bringing § 1983 and ADA

claims against the original defendants, she was under no obligation to do so with respect to her Title VII claim.[7]

Ms. Barker's amendment of her complaint as to her Title VII cause of action does not meet the requirements for relation back under Rule 15(c)(1)(C)(ii). Her Title VII cause of action against Ms. Cragun, Governor Herbert, and Mr. Hargis, and Ms. Powers is therefore untimely and must be dismissed.

B.  Title VII Claim Brought Against Defendants in Their Individual Capacities

Ms. Barker's Title VII cause of action also fails if it has been brought against the defendants in their individual capacities. Individual capacity suits are improper under Title VII. *Sauers v. Salt Lake Cty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) ("Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate.").Thus, her Title VII claim must be dismissed.

## CONCLUSION AND ORDER

For the aforementioned reasons, Magistrate Judge Romero's Report and Recommendation is ADOPTED IN PART. [Docket 43]. The defendants' Motion to Dismiss is GRANTED. [Docket 38]. Ms. Barker's Motion to Consolidate Cases and Amend Complaint is DENIED as MOOT. [Docket 49]. Ms. Barker's Amended Complaint is DISMISSED.

Signed May 27, 2020

---

[7] Ms. Barker amended her complaint after the State of Utah and UDHRM filed a motion to dismiss her original complaint. In that motion, the former defendants contended, and Ms. Barker conceded, that the Eleventh Amendment barred her § 1983 and ADA claims. The motion did not suggest that her Title VII claim was barred by the Eleventh Amendment. Ms. Barker chose, however, to file an amended complaint in which she voluntarily dismissed all of her claims against the State of Utah and UDHRM.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge